Filed 8/21/14  P. v. Hatch CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049739 |
| v. | (Super. Ct. Nos. 13WF0702, 12HF2458, 12HF3628) |
| GREGORY RYAN HATCH, | |
| Defendant and Appellant. | O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*          \*          \*

Gregory Ryan Hatch pleaded guilty to narcotics and other offenses in three separate cases. The trial court imposed and suspended execution of sentence, and placed Hatch on probation on various terms and conditions, including successful completion of a one-year drug treatment program. Hatch failed to complete the program and admitted he violated probation. The court revoked and terminated probation, and lifted the suspension of the previously imposed sentence.

Hatch's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts of the case, the procedural history, and possible legal issues with citations to the record and appropriate authority, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable issues. Counsel did not argue against her client or assert the appeal was frivolous. Counsel submitted a declaration stating she reviewed the case, she advised Hatch of the nature of the brief, she sent Hatch a copy of the brief and the appellate record, and informed him he could file a brief on his own behalf. Counsel did not seek to withdraw, but she advised Hatch he could move to have counsel relieved. We gave Hatch 30 days to file a supplemental brief. He did not avail himself of the opportunity.

FACTS AND PROCEDURAL BACKGROUND

A felony complaint filed July 31, 2012 (Orange County Case No. 12NF2458) alleged Hatch violated Health and Safety Code sections 11378 (possession for sale of a controlled substance) and 11379, subdivision (a) (sale or transportation of methamphetamine) on July 27, 2012. It also alleged Hatch previously suffered convictions within the meaning of Health and Safety Code section 11370.2, subdivision (c), served several prison terms within the meaning of Penal Code section 667.5,

2

subdivision (b), and was ineligible for probation.  (Pen. Code, § 1203.07, subd. (a)(11) [no probation for persons convicted of violating specified provisions of the Health and Safety Code with prior similar convictions].)

A second felony complaint filed December 13, 2012 (Orange County Case No. 12HF3628), as amended December 21, 2012, alleged Hatch violated Health and Safety Code sections 11377, subdivision (a) (possession of methamphetamine), 11364.1, subdivision (a) (possession of a syringe, and Penal Code section 466 (possession of burglary tools) on December 12, 2012.  It also alleged Hatch committed a crime while released on bail (Pen. Code, § 12022.1, subd. (b)), and served several prison terms within the meaning of Penal Code section 667.5, subdivision (b).

A third felony complaint filed March 12, 2013 (Orange County Case No. 13WF0702), as amended March 18, 2013, alleged Hatch violated Health and Safety Code sections 11378 (possession of methamphetamine for sale) and 11379, subdivision (a) (sale or transportation of methamphetamine) on March 9, 2013.  It also alleged Hatch committed a crime while released on bail (Pen. Code, § 12022.1, subd. (b)), suffered prior drug convictions within the meaning of Health and Safety Code section 11370.2, subdivision (c) and Penal Code section 1203.07, subdivision (a)(11) and served several prison terms within the meaning of Penal Code section 667.5, subdivision (b).

In March 2013, Hatch requested his cases be handled together at the West Justice Center.  On August 28, 2013, Hatch waived his rights and pleaded guilty to the charged crimes and admitted prior conviction enhancements in each case.  The trial court granted the prosecutor's motion to dismiss the Penal Code section 1203.07 enhancements, and struck (Pen. Code, § 1385) other enhancements for sentencing purposes.  The court imposed concurrent county jail terms (Pen. Code, § 1170, subd. (h))

3

in each case, totaling seven years in local custody, but suspended execution of the sentence and placed Hatch on probation subject to various terms and conditions, including successful completion of a one-year drug treatment program.

On November 17, 2013, the probation department filed a petition alleging Hatch violated probation. The petition alleged Hatch enrolled in the residential drug treatment program August 29, 2013. The program discharged him September 30, 2013, "for bringing into and using illegally obtained prescription narcotics in the facility." Hatch also failed to report to the probation officer on October 16, and absconded from probation supervision.

On February 6, 2014, Hatch waived his right to a hearing and other rights, and admitted the probation violations. The court allowed Hatch to make a statement on the record, and indicated it had read his letter asking for another opportunity with a different program. The court revoked Hatch's probation and lifted the suspension of his sentence. The court credited him with 247 days of actual custody credit, and 246 days of conduct credit.

On February 25, 2014, Hatch's appointed trial lawyer filed a notice of appeal on Hatch's behalf "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." (Cal. Rules of Court, rule 8.304(b); Pen. Code, § 1237, subd. (b).) Hatch filed a second notice of appeal in propria persona on April 1, 2014. He indicated the appeal challenged the validity of the plea, and was also based on the sentence or other matters occurring after the plea. Hatch requested a certificate of probable cause, alleging violation of "the original plea agreement" and apparently asserting his sentence violated constitutional proscriptions against cruel and unusual punishment. There is no indication in the record the trial court granted the request for a

4

certificate, however, appointed appellate counsel advised this court of a possible issue: Whether the trial court properly lifted the suspension of the previously imposed sentence.

DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue. Hatch has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved. Consequently, we affirm the judgment. (*Wende*, *supra*, 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

5